The Williamsport and Hagerstown Turnpike Company *vs.* Joseph Hollman.—*June,* 1836.

Subscribers under a charter creating a company to make a road and before such road is located—only look to a location in conformity with the terms and intention of the charter.

When a charter directs the officers of the corporation to appoint commissioners to lay out a road in the *nearest and best direction* between two points, and they proceeded to mark and lay out the road accordingly, it is no deviation from the charter, that the managers alter the location at a particular part so as to shorten the road.

Appeal from *Washington* county court.

This was an action of assumpsit, commenced by the appellant against the appellee, on the 12th of November, 1834, to recover the instalments on certain shares subscribed by the appellee, to the capital stock of the company.

Issue was joined upon the plea of *non assumpsit.* At the trial, the plaintiffs read to the jury their charter of incorporation, passed at December session, 1832, ch. 125, and a book of subscriptions to the capital stock of the company, taken by the commissioners appointed by the act, which was annexed thereto, and which book contained the following superscription, to the names of the subscribers, that is to say: "We whose names are hereunto subscribed, promise to pay for the stock subscribed by us respectively, according to the provisions of the charter of the *Williamsport and Hagerstown Turnpike Company.*" And it was admitted by the defendant that he had subscribed in said book, for twelve shares of the capital stock of the company, by the names of *Joseph Holl-*

*man, Benjamin F. Hollman, John H. Hollman* and *Joseph Hollman, Jr.* and that at the time of subscription, he paid the sum of one dollar on each share so subscribed.    That the managers for said company were duly elected on the 2d of September, 1833, and that they had called in said stock, in three instalments of five dollars each, on each share, of which several calls, they gave two months' previous notice, agreeably to the provisions of the act.    It was further admitted, that commissioners were appointed on the 5th of September, 1833, for the purpose of making a location and plat of said road, in conformity with the 9th section of the act, which duty the said commissioners performed, and returned and reported the same to the managers on the 23d of October, 1833.    That after said road had been located, and a plat thereof returned as aforesaid, by the said commissioners, the managers changed the said location at one point of the road, near the town of *Williamsport*, and departed from the location and return of the commissioners at that point, and made a different location, for a distance of about thirty perches, which change shortened the distance of said road; but that the termination of said road at the town of *Williamsport* was not changed by said managers.    It was further admitted, that the managers had made and completed said road, and reported the same to the governor of the state, in pursuance of the charter, and that examiners were appointed by the governor to view said report, and report thereon; and that said examiners did report to the governor, that said road had been constructed agreeably to the provisions of the act of assembly, and that afterwards the governor issued his license to said Turnpike company, authorizing them to erect gates on said road, for the purpose of demanding and receiving tolls for travelling thereon.

It was admitted by the plaintiff, that the commissioners to be appointed by virtue of, and under the ninth section of the charter, did not take the oath prescribed thereby.    That the defendant entered a protest, against the change of the location, at the time it was made, and never acquiesced therein.

The defendant then prayed the opinion and direction of the court to the jury, that if they should be of opinion, from the evidence in the cause, that the managers of said Turnpike company, changed the location of the road as hereinbefore stated, after the same had been surveyed, and a plat thereof returned to them by said commissioners, and after the defendant had subscribed for said stock, that then the plaintiffs are not entitled to recover for any instalment called in after said change. Which opinion *Buchanan, Ch. J.* and *Thomas Buchanan, A. J.* gave to the jury. The plaintiffs excepted, and the verdict and judgment being against them, they appealed to this court.

The cause was argued before STEPHEN, DORSEY, CHAMBERS, and SPENCE, Judges.

YOST, for the appellant, contended:

That the commissioners being the mere creatures of the president and directors, it was competent for the latter to reject, or adopt their location at pleasure. It was competent for the president and directors to have located and selected the route themselves, and consequently when located by persons of their appointment, they were authorized, either to sanction or reject their act.

JOHN R. KEY, for the appellee.

The charter forms a part of the contract, and a violation of the former is a violation of the latter,—unless therefore the requisitions of the ninth section of the charter, have been complied with by the plaintiffs, they are not entitled to recover the instalments from the defendant. That the requirements of the ninth section were designed to be binding, is shown by the act of 1831, ch. 206. A corporation must strictly pursue its charter, and therefore instalments directed to be called in, in a particular mode, must be called in, in that mode and no other. 4 *Wheat. Rep.* 636. A deviation from the terms of the charter, releases the subscribers from their subscriptions. 13 *Eng. C. L. Rep.* 174. And the change of

the location of a road, takes from the corporation the power to enforce the payment of subscriptions.    8 *Mass. Rep.* 268.

STEPHEN, Judge, delivered the opinion of the court.

The question involved in this case lies within a very narrow compass.    It arose in an action of *assumpsit*, instituted in the court below by the appellant against the appellee, to recover a certain sum of money, due on twelve shares of stock subscribed for by the appellee, who resisted the recovery upon the ground of a violation of the terms of the contract of subscription ; the ground of the defence was sustained by the court below, and the right of recovery, thereby defeated.    The only provision of the act of incorporation, upon which any thing like the semblance of a contract can be founded, is to be found in the *ninth* section thereof.    That section authorizes the president and managers of the company to appoint three commissioners to lay out the road, in the nearest and best direction, from the *eastern* limits of the town of *Williamsport*, to the town of *Hagerstown ;* and after having laid out and marked said road, they are directed to make out a plat of the same, specifying the courses and distances, and return said plat to the president and managers.

It is to be observed, that this law emphatically makes it the duty of the commissioners, in designating the course the road was to run, to locate it in the *nearest* and *best* direction. If then the provisions of this section can even be considered as entering into the essence of the contract between the parties, we do not think that the appellee can invoke to his aid, the provisions which it contains, under the facts agreed to exist in this case.    It is distinctly admitted, that in changing the location of the road as marked out by the commissioners, the president and managers of the company, so far from infringing the provisions of the law, strictly complied with the letter of its requirements, by shortening the distance, and that the termination of the road at the town of *Williamsport*, was not changed by such alteration.    Under this aspect of the case it appears to us, that the president and managers in changing

the location, so far from violating the principles of good faith and fair dealing with the appellee as a subscriber for stock in their company, acted strictly within the pale of their authority and only fulfilled a duty required of them by the charter of their incorporation. At the time the appellee became a subscriber for stock, no location had been given to the road, except that which the law prescribed; to such location only, could he have looked at that time as an inducement to subscribe; and we think that nothing has since occurred in the conduct of the company, or their agents, of which he has a right to complain. Therefore there is no ground upon which he can claim to be discharged from the obligation to pay the money, resulting from his subscription, as he has substantially obtained, or might have obtained all he contemplated when he became a subscriber, and that nothing has been done on the part of the company, which would lead to a forfeiture of their right to enforce such obligation by judicial process. With these impressions of the law and justice of the case, we are of opinion, that there is error in the judgment of the court below, and that the same ought to be reversed.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.